Immigration Judge, which was affirmed by the Board of Immigration Appeals. The petitioner exhausted all administrative remedies in this case and she was ordered removed to the country of Kenya. The immigration judge denied her request for continuance for her counsel to the government. In the absence of counsel and in disregard to the right to counsel that is provided by the Immigration and Nationality Act, Section 292, at no expense to the government. This court has jurisdiction to review abuse of discretion pursuant to this court's precedent in Njoroge v. Holder. Now, there was an abuse of discretion because this matter had originally been remanded by this court to the immigration judge for only one purpose. For the immigration judge to make a finding as to the effectiveness of the presidential ban on FGM in Kenya. Now this purpose was never accomplished because of the immigration judge's abuse of discretion in denying a request for continuance for counsel to prepare for representation. Counsel, this is Judge Smith. Were you prepared to present the relevant information to the tribunal? No, I was not prepared and the reasons are because this was a very bulky matter and it came to me just a month before the hearing. It came to me, I was appointed, I was retained in this case in April and the matter was coming up in May and it took a little while to get the file from the previous attorneys and when I looked at it, I could not be prepared at that time. And Judge, as I was saying, the purpose was never accomplished. The immigration judge may grant continuance for a good cause shown and the petitioner showed good cause in the motion for continuance that was filed in court and these are the factors that were presented. The petitioner had a right to be represented by counsel. The petitioner lived in Raleigh, North Carolina, which is a considerable distance from Minneapolis. The petitioner had done all she could to find an attorney in Minnesota and was unsuccessful. Let me interrupt you, counsel. As you know, the key to the IJ's ruling is that in February 2009, apparently this IJ faced the petitioner and said, you know, this final hearing will be May 5 and that's 14 months, a year and a couple of months away. You've got that period of time. What do you show in the record in detail and in fact as to her attempts during that period of time to find an attorney? It is her own testimony before the judge that is on record. It's on the immigration judge's record on the 5th of May 2010 when she answered exactly that question. When she said she looked all over Minnesota and she was unable to find an attorney that could represent her. So we did not have any independent matter on the record except the petitioner's own testimony in court. Counsel, I have only excerpts from the record in front of me. Is she sworn when she and the judge are talking here in the page 150s about this? Is she under oath? Yes, Judge. Every time before the petitioner goes on the stand to give her evidence, she is sworn. Yeah, but at the time they're talking about this withdrawal stuff, is she sworn at that time? Judge, I may need to very quickly look at the record on that date. If it's easy, do it. If not, the clerks can figure it out. They could probably tell me across the room by hand signals or something, but we won't do that. I'm just looking at the pages they gave me, but we'll figure it out. Do not waste your time on that. Counsel, this is Judge Smith again. At what point were you prepared to present the additional evidence of country conditions regarding FJM? I would have needed probably an additional one month to get the records to be able to provide that information. And Judge, I was not asking for an indefinite continuum at the time. And the immigration judge had the discretion to grant any particular amount of time, including even weeks, just to permit the counsel to be able to effectively represent the petitioner in that case. And the question that was sought to be resolved touched on human United States citizen daughter, who would have potentially been the victim of FJM as well. And the only reason that the judge gave why she could not provide, why she denied the request for continuance was because the matter had taken a long time. And the judge did not even mention that she had taken into consideration all the factors that had been presented, including that the matter had taken a long time, but she did not consider any other factors. So that is why it is our case that that was an abuse of discretion, because she did not consider all the factors of the case, in which case she would have exercised favorable discretion and granted that continuance. And again, this was the one and only continuance that the petitioner had ever sought in that court. I looked through the whole record. I may be wrong, but this is the only continuance that she ever sought, and she was always present in court at all times. So counsel, did you attempt to call in that day? Like you're calling in today, you attempt to call into the counsel, to the IJ? The judge did call me. Say it one more time. The judge called me, if I remember correctly. No, the judge claimed on the record she wasn't going to call you. But tell me if I don't get it. Did the judge call you that day? Better question. Did the judge call you that day of the hearing? I believe that the judge did call me. Thank you. But if I can recall correctly, the judge simply said that the reasons for requesting continuance were not valid. Now, the Board of Immigration Appeals has said what a good cause is. Good cause, I would refer to the matter of CBRAN, that is on page 2 of the BIA appeal decision, which is on page 4 of the petition as addendum, the second paragraph. The Board of Immigration Appeals said, an immigration judge's decision denying a motion for continuance will not be reversed unless alien establishment of the denial caused him actual prejudice and harm and materially affected the outcome of his case. Now, actual prejudice here occurred because the petitioner was denied effective assistance of counsel. And the question of the effectiveness of the presidential ban on FGM was not addressed by the petitioner because she was not equipped to do that. Because she did not have the benefit of representation by counsel. And the Attorney General in the matter of COMPIAN, that is in 24INN decision 710, the Attorney General's decision in 2009, the Attorney General reiterated that effective assistance of counsel is that a person in removal proceedings has a right to effective assistance of counsel. Counsel, this is Judge Beam. If we were to set aside the denial of hearing, are you prepared then to proceed to show country conditions that would aid your client here? Yes, yes, Judge. Counsel, you are now in your rebuttal time. You reserve five minutes. Would you like to continue or resume on rebuttal? No, I will reserve the time for rebuttal. All right. Ms. Platt? Good morning to the court, to Mr. Madden. May it please the court, Meadow Platt on behalf of the United States Attorney General. Petitioner received a full and fair- Would you pull the microphone over closer? Thank you. Can you hear me now? All right. Petitioner received a full and fair hearing before the agency. Since she filed for asylum nearly 12 years ago, she has received an asylum hearing, a hearing before an immigration judge, and further consideration before the Board of Immigration Appeals. She petitioned for review of the board's first decision to this court, and in an abundance of fairness and caution, the government moved to remand her case back to the agency to review the country condition documents again. After yet another hearing before the immigration judge in 2009, petitioner was provided 14 additional months to do everything necessary to prepare her case, a time period that she said was agreeable. Three weeks before her hearing, her attorney filed a motion to continue the case for attorney preparation without citing a time limit that he wanted it to continue. Having already set the case 14 months out, the immigration judge denied that motion, but petitioner's counsel did not appear at the hearing in disregard of the immigration judge's order. Does your records show any communication between the immigration judge and the appellant's counsel on the day of the hearing? No, it does not. I can tell you what my record shows is that on April 18th, the attorney filed a motion to continue. On April 30th, the immigration judge denied the continuance. On May 5th, the hearing was held. Counsel for DHS actually suggested calling the attorney, and the immigration judge declined to do that. That was our understanding, too. Go ahead. And one thing, just to return to a question that you had, Judge Vinton. Yes, she was sworn in. Are they sworn at the beginning of that proceeding? Yes. Yes, good. So any colloquy with the IJ is under oath on her part. That's my understanding. Proceed. Did the IJ inquire of the petitioner whether she wanted to waive counsel or was prepared to waive counsel appearing at that hearing? I believe the immigration judge did not. I believe that there was a communication with DHS counsel about problems for DHS counsel about communicating with the represented party, and the immigration judge, consistent with the immigration court practice manual, made the decision to go forward with the case. Counsel, is it your view that from the record in the hearings that have been held in this case that the record establishes that it's safe for the petitioner and her, I believe, what, eight-year-old daughter to return to, is it Kenya, without fear of this FMG problem that she fears? I mean, is that established in the record in your view? Your Honor, the government's position is that that issue is not properly before the court because the petitioner did not exhaust that before the Board of Immigration Appeals. She filed a motion of appeal from the immigration judge's decision, but in the motion for appeal, she only cited the continuance, the denial of the continuance, as being an abuse of discretion and a violation of her due process rights. She did not cite to the merits. Consistently with that, the board never reached the merits of her case in the decision that's before this court that she petitioned for review. So as we sit here today, we don't really know whether she is in danger and her daughter if she is now sent back to Kenya. Is that where we are? So yes and no, Your Honor. So again, the government's position is that issue is not directly before the court, but it does go to the prejudice prong of both the abuse of discretion as well as the due process. So for both of those issues, which are before the court, the petitioner must establish that she suffered prejudice from the immigration judge's decision. And in this case, the government's position is that she did not suffer prejudice. The purpose of the remand was to establish, to consider the effectiveness of the Kenyan presidential ban on FGM. And then furthermore, from the board back to the immigration judge, to update the record consistent with those country condition documents. The immigration judge did exactly that. Even though the petitioner or her counsel had not introduced evidence within those 14 months, or in fact, the five years from the time period this court remanded it, the immigration judge herself introduced the relevant country condition documents. She gave the petitioner and opposing counsel time to review them. She herself took a recess and reviewed them carefully. And then she incorporated them into a thorough and thoughtful decision that addressed the relevance of the ban and the current conditions, or rather at that time, on the petitioner's fear. And she found that based on that evidence at that time, the petitioner simply did not have a well-founded fear of persecution. Ms. Platt, when was the decision rendered in relation to the occurrence of the hearing? I'm sorry, Your Honor, which decision? The decision that's in front of us, the decision that occurred following the hearing at which petitioner appeared without counsel. So the decision that petitioner petitioned for review of, so the decision that's before this appeals decision of, I believe, I'm sorry, Your Honor, April 13th, I'm sorry, April 16th, 2012. And that board decision affirmed the immigration judge's denial of the continuance, which was on April 30th, 2010. And then the immigration judge further explicated on her reasoning for that at the May 5th, 2010 hearing and in her May 5th, 2010 decision. So decision was given orally at the hearing on May 5th, what I heard you say. Thank you. That's correct. So going back to the standards and the issues that are before the court, as I mentioned, only two issues are properly before this court at this time, whether the board abused it. Excuse me, one other question comes to mind. Is there a process, and I'm revealing my ignorance of the immigration laws, but is there a process post the actual hearing that counsel could have submitted documents for the record subsequent to the hearing? So I can't, it was his litigation choice, so I can't speak for what he should or should not. I'm not asking about his choice. I'm asking about what the rules would permit. There was a number of things he could have done. He could have filed a motion to reopen before the immigration judge. He could have certainly... What's the time period on a motion to reopen? Before the immigration judge? Yes. Your Honor, I can get back to you on that, but I think it's, I believe it's 60 days, but Your Honor... Sounds right. Proceed. I'm not... No, proceed. That sounds right. Go ahead. So he could have filed a motion to reopen before the immigration judge. He did not do that. He could have appealed the merits of the case to the Board of Immigration Appeals. He could have... I'm sorry, Your Honor, I actually am not very, very familiar with the procedures. I believe that he... I better not say anything. I'm not sure whether he could have introduced more evidence to the Board of Immigration Appeals or not, but he certainly could have filed a motion to reopen to the immigration judge, but he did not do that. Regarding the standards for the denial of a continuance, it's petitioner's burden before this court to show that the agency abused its discretion. This court finds an abuse of discretion where the board makes its decision without rational explanation, departs inexplicably from established policies, or discriminates invidiously against a particular race or group. The only other requirement is that the board consider the issues raised and announce its decision in terms that show that it heard and thought and did not react. Here, there is no abuse of discretion. Couldn't... Wouldn't it not have been that... Or would it have been that strange for the IJ to have followed the government's suggestion to call counsel on the day of the hearing? Your Honor, I believe the government's suggestion was based on his duty to not communicate with a represented party, and so he didn't actually question the petitioner at the hearing, so that was complied. I don't know what the immigration judge's practices are. It's... They have a broad discretion in these sorts of matters, so perhaps she could have called the attorney. I don't... Counsel, you know on page 158 and 159 of this record, that I do have, you know that the government suggested that the IJ call this attorney. Right. Your Honor... And in the Ninth Circuit, I think they have a duty to do that, to take reasonable steps. Are you aware of the line of cases in the Ninth Circuit? I have not reviewed those cases. And you don't have to have, but anyhow, in the Ninth Circuit, there may have been a duty to call the counsel. So I think that's what I would like you to address, and I think that's what Judge Smith may have been alluding to also. So would you please address that point? Sure. I hope I addressed it adequately. I'm unfortunately repeating what I said, but my understanding from reading the transcript was that the government's concern was not with the procedural impact on the petitioner. The government was concerned with his duty as an attorney, and his duty to the bar, and the requirement that he not communicate with a represented party. That's a duty my understanding is owed to me as well as any other attorneys. And so that was his concern. It wasn't a question of the government wanting the attorney to proceed. The government's suggestion was that the immigration judge allow the attorney to at least withdraw for that hearing so that the petitioner would be pro se, so that the DHS attorney would not be communicating with a represented party. Does that answer your question? Yes, I think so. That and the record. Proceed. Thank you. So going back to the abuse of discretion standards, the board complied with established requirements and regulations. The Code of Federal Regulations states that an immigration judge may grant a continuance for good cause shown. The phrase good cause is not matter of which Mr. Matin recited as well. That case requires two things for a showing of abuse of discretion. Again, this relates specifically to the context of a continuance for attorney preparation, which is the issue that is in this case. First, the alien must show that the lack of preparation occurred despite diligent good faith efforts to proceed, and that any additional evidence be probative, non-cumulative, and significantly favorable. And second, and most importantly to this particular case, the alien must show actual prejudice. That is that the denial caused him or her actual prejudice and harm and materially affected the outcome of it. So is that tantamount to needing to produce a proffer of the evidence that would have come in or would come in had they been given a continuance? That's my understanding, Your Honor. Here, the petitioner through counsel made no such proffer, didn't make any arguments, didn't make any suggestions or citations to any type of evidence that would have changed the outcome of the proceeding. It would have been one thing if the immigration judge didn't consider any additional evidence, but that's not what happened here. The immigration judge, in fact, did admit the updated country condition evidence and thoroughly summarized it and applied it to the facts of petitioner's case. So petitioner has not shown how, but for the denial of the continuance, her case would have been different in any way. She makes some conclusory assertions to that effect, but doesn't show in detail how the denial of the continuance changed the outcome of her case. So the prejudice prong is required also for the showing of a due process violation, and for the exact same reasons that I was explaining in the context of the abuse of the agency violated her due process rights. So the due process requires a showing of a fundamental procedural error and prejudice. And here, as I mentioned, there was no fundamental procedural error. The immigration judge complied with the Code of Federal Regulations, the board's precedent, matter of CBRN, and Immigration Court Practice Manual Rule 4.8, which states that, and actually I'll just read it to you so I don't misstate it. So Immigration Rule, Immigration Practice Manual Rule 4.8 says, any delay in the appearance of either party's representative without satisfactory notice and explanation to the Immigration Court may, in the discretion of the immigration judge, result in the hearing being held in the representative's absence. So consistent with the practice manual and the Code of Federal Regulations and the board's precedent, the immigration judge continued with the hearing. But again, the more relevant factor is that the petitioner has not shown prejudice for the reasons that I discussed. If the court has no further questions, the government requests that the court deny the petition for review. Thank you, Ms. Platt. Mr. Matamu, you have, I believe, just over four and a half minutes remaining on your rebuttal time. I'll notify you when that is exhausted. So begin your rebuttal. Thank you, Judge. First, let me refer to the issue about if there was a communication between me and the judge. I can remember vaguely, and I may be wrong or not because it's a long time ago, I remember the judge calling me and talking about referring me to the bar for not appearing in court or something like that. I don't know if that was on record or not on record, and I do not have all the facts. I don't remember very well, but I think there was a conversation to that effect. Now, going back to my rebuttal, the petitioner said under oath that she could not afford an attorney. She did all she could to find an attorney, and she wasn't able to find one there. I just wanted to indicate that there is no procedure to provide any additional document after removal proceedings have been concluded. The only way such can be done is if the case is reopened, if the judge makes a decision to reopen a case. So does the record show or can you tell us why no motion was made to reopen? Judge, what happens is that the petitioner has a choice between appealing or making a motion to reopen, and the petitioner chose to appeal at that time. And the petitioner made a good faith effort to find an attorney, couldn't find one, and in this case there's actual prejudice because the denial of the right to be represented by an attorney is prima facie prejudicial because that would mean that the petitioner did not get an opportunity to present all the evidence as guided by counsel. And there's a due process violation where the petitioner has a right to be represented by counsel, and that right is denied one way or the other. Now, the immigration judge is required by law and by regulation to make clear and complete findings of fact that are supported by the record, and this opportunity was all the facts that were necessary to make a decision on eligibility for asylum could not be reached without those facts being addressed because that was the reason for the case being remanded in the first place. And so I'm urging this court to allow this petition and remand this case for a hearing of all the, for a finding of all the facts that are necessary to make a decision on eligibility for asylum. Thank you. Thank you, counsel. The court wishes to thank both of you for appearing, both in person and by telephone. We appreciate the briefing and argument that's been provided, and we will take the case under advisement and render decision in due course.